UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-286-GWU

FAITH FIELDS,                                                                                  PLAINTIFF,

VS.                            **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                 DEFENDANT.

**INTRODUCTION**

Faith Fields brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

1

07-286 Faith Fields

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. § 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

07-286 Faith Fields

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron

v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Fields, a 42-year-old former nurse's aide with a high school education, suffered from impairments related to obesity and thrombocystitis.  (Tr. 21, 26).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform the full range of light level work.  (Tr. 25-26). Based upon application of Rule 202.20 of the Medical-Vocational Guidelines, the claimant could not be considered totally disabled.  (Tr. 27).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ properly applied the Medical-Vocational Guidelines to find Fields not disabled.  The plaintiff was found capable of performing the full range of light level work in an administrative decision which became final on January 16, 2003.[1]  (Tr.

---

[1] The undersigned affirmed this decision on June 23, 2004.  (Tr. 58-69).

44-50).  Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application.  Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997).  Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ."  The ALJ's determination that the plaintiff was capable of a full range of light level work is in accord with these directives.

The medical records submitted in connection with the current application do not provide "new and material" evidence to support a change in the residual functional capacity.  Dr. Mark Burns examined Fields and opined that he found no impairment in her ability to sit, stand, move about, lift, carry, handle objects, hear, see, speak, or travel.  (Tr. 163-164).  The ALJ's finding of a full range of light level work is consistent with this opinion.  Dr. James Ross (Tr. 173) and Dr. Calixto Hernandez (Tr. 216), the non-examining medical reviewers, each opined that the claimant's physical problems were "less than severe."  Treatment records at Christian Healthcare do not reveal the existence of more severe physical restrictions than those found by the ALJ.  (Tr. 190-200).  These reports provide substantial evidence to support the administrative decision.

Dr. Roy Varghese treated Fields on two occasions at the Anne Wasson Rural Health Center. (Tr. 219-220, 226). Dr. Varghese opined that the plaintiff would be restricted to lifting 20 pounds occasionally and 25 pounds on a frequent basis. (Tr. 223). Standing and walking were limited to two hours in an eight-hour day. (Id.). The claimant would need to change position from standing to sitting every 15 minutes and from sitting to standing in one-hour intervals. (Id.). Dr. Varghese indicated that Fields would be limited to occasional performance of twisting, stooping, crouching or climbing stairs and should never climb ladders. (Tr. 224). These restrictions would certainly interfere with performance of the full range of light level work. The plaintiff asserts that this opinion supports her claim of disabled status.

Dr. Varghese related his restrictions to obesity (Tr. 223-224), but this was a condition that had been previously considered by the administration and the doctor offers no "new and material" evidence suggesting a deterioration in Fields' condition since the issuance of the January 16, 2003 denial decision as would need to be shown under <u>Drummond</u>. The court notes that Dr. Varghese appears to have seen the plaintiff on only two occasions--February of 2005 (Tr. 220) and April of 2005 (Tr. 226). Thus, his status as a "treating source" whose opinion would be entitled to superior weight is very questionable. The ALJ cited a number of reasons for rejecting the opinion of Dr. Varghese. (Tr. 25). The ALJ noted that the doctor's scant treatment records failed to provide objective medical data to support the

limitations. (Id.). A treatment note signed by Dr. Varghese revealed that the plaintiff's back pain was controlled. (Tr. 220). The doctor diagnosed right shoulder pain but did not note any objective findings to support the condition. (Tr. 226). Dr. Varghese's assessment was also criticized by the ALJ as being inconsistent, restricting the claimant to lifting 20 pounds occasionally but 25 pounds frequently. (Tr. 25). Finally, the ALJ also noted the minimal findings of Dr. Burns, who specifically found no functional limitations or neurological deficits. (Tr. 23, 25). Therefore, under these circumstances, the ALJ properly rejected the opinion of Dr. Varghese.

Fields argues that the ALJ erred in failing to find that she suffered from a "severe" mental impairment. Dr. Robert Eardley examined the plaintiff and diagnosed a depressive disorder. (Tr. 171). Dr. Eardley did not identify any functional limitations associated with this condition. The plaintiff was reported to be able to make social and personal adjustments and the examiner indicated that any problem with making occupational adjustments would be due to physical rather than mental problems. (Id.). Dr. Varghese noted depression but also did not identify any specific mental limitations. (Tr. 220, 226). The mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). The record was reviewed by psychologists Laura Cutler (Tr. 176) and Ilze Sillers (Tr. 201), each of whom opined that the claimant did

not suffer from a "severe" mental impairment.  Therefore, the court concludes that the ALJ properly found that Fields did not suffer from a "severe" mental impairment.

The court notes that Fields submitted additional medical records directly to the Appeals Council which were never seen by the ALJ.  This raises an issue concerning a remand for the taking of new evidence before the Commissioner.  Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."  42 U.S.C. § 405(g).  The statute provides that a claimant must prove that the additional evidence is both material and that good cause existed for its not having been submitted at an earlier proceeding.  Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988).  In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence.  Sizemore, 865 F.2d at 711.  Thus, the new evidence must be "material" and "good cause" must be shown why it was not previously submitted.

The medical records with which Fields seeks a remand of the action consist of treatment records dated between January, 2006 and May, 2007 from Kentucky River Community Care.  (Tr. 227-247).  The plaintiff has offered no explanation as

07-286 Faith Fields

to why this evidence was not obtained prior to the issuance of the ALJ's final decision on July 26, 2005. While the records were not in existence at the time of this decision, such, by itself, does not satisfy the good cause test and a valid reason for failure to obtain the evidence must still be shown. <u>Oliver v. Secretary of Health and Human Services</u>, 804 F.2d 964, 966 (6th Cir. 1986). The records also contain no mental restrictions which would "relate back" to the time period before July, 2005. Therefore, the claimant has failed to meet either the "good cause" or "materiality" requirements and, so, a remand for the taking of new evidence is not appropriate.

After a review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 14th day of May, 2008.



Signed By:
<u>G. Wix Unthank</u>
**United States Senior Judge**